UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELBY SIMPSON, <br>     Petitioner, <br> vs. <br> JOHN MARSHALL, Warden, <br>     Respondent. | Case No. CV 11-4945-DOC (SP) <br><br> ORDER TO SHOW CAUSE |

Petitioner is a California state prisoner currently incarcerated at the California Men's Colony in San Luis Obispo. He filed a Petition for Writ of Habeas Corpus on November 19, 2010 in the United States District Court for the Northern District of California. Since it appears from the petition that petitioner is challenging the execution of his sentence, and since petitioner is incarcerated within the Central District of California, the matter was transferred to the Central District of California, with the transfer effected on June 14, 2011.

In light of the Supreme Court's recent decision in *Swarthout v. Cooke*, __ U.S. __, 131 S.Ct. 859, 178 L. Ed. 2d 732 (2011) (per curiam), petitioner is ordered to show cause in writing, on or before **July 20, 2011**, why the court should not recommend the denial of the petition and the dismissal of this action with prejudice.

1       In *Swarthout v. Cooke*, the Supreme Court held that, even if a California
2 prisoner has a state-created liberty interest in parole, the only federal due process to
3 which a California prisoner seeking parole is entitled is the minimal procedural due
4 process protections set forth in *Greenholtz v. Inmates of Neb. Penal and Corr.*
5 *Complex*, 442 U.S. 1, 16, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979), that is, to be
6 allowed an opportunity to be heard, and to receive a statement of reasons for the
7 denial. 131 S. Ct. at 862. The Supreme Court observed that, where the records
8 reflect that the prisoners were allowed to speak at the hearings and to contest the
9 evidence, were afforded access to their records in advance, and were notified as to
10 the reasons why parole was denied, "[t]hat should have been the beginning and the
11 end of the federal habeas courts' inquiry." *Id.* Under the Supreme Court's
12 decision, "it is no federal concern here whether California's 'some evidence' rule
13 of judicial review (a procedure beyond what the Constitution demands) was
14 correctly applied." *Id.* at 863.

15       Based on the court's review of the petition in this case, it does not appear
16 that petitioner here is contending that he was denied the minimal procedural due
17 process protections set forth in *Greenholtz*. Moreover, the record reflects that
18 petitioner was allowed to speak at the parole consideration hearing and to contest
19 the evidence, was represented by counsel who stated that petitioner's rights had
20 been met, and was notified as to the reasons why parole was denied. While
21 petitioner appear to contend that the California courts incorrectly applied
22 California's "some evidence" rule, that is not a federal concern under the Supreme
23 Court's decision in *Swarthout v. Cooke*.

24       The court notes that the petition here does not clearly frame most of its
25 claims in terms of federal constitutional violations. But even assuming that
26 petitioner could, in an amended petition, state his claims in terms of alleged due
27 process violations, in light of *Swarthout v. Cooke*, it simply does not appear that
28 this court would have any basis for finding or concluding that any decision by the

California courts rejecting of such substantive due process claim(s) was contrary to or involved an unreasonable application of clearly established Supreme Court law.

The court further notes that it is unable to discern from the petition whether petitioner has exhausted his state remedies with respect to any of the claims that he desires to pursue herein, which is a prerequisite to federal habeas relief under 28 U.S.C. § 2254(b).[1] Indeed, the petition contradicts itself on this point, in one spot baldly asserting that all claims are exhausted, but elsewhere stating that petitioner has not filed any appeals or petitions in state court. As such, the court is unable to determine if any claims for violation of due process in the denial of a parole (as petitioner appears to intend to allege here) were in fact raised before California state courts.

But even if petitioner has exhausted his state remedies on such claims, as discussed above, in light of *Swarthout v. Cooke*, it does not appear that this court would have any basis for finding that petitioner's federal due process rights have been violated, or that the state court's decisions were contrary to or involved an unreasonable application of clearly established Supreme Court law. Accordingly,

---

[1] To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882,888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." *Gatlin*, 189 F.3d at 888.

3

petitioner is ordered to show cause in writing, on or before **July 20, 2011**, why the court should not recommend the denial of the petition and the dismissal of this action with prejudice in light of *Swarthout v. Cooke*.

DATED: June 22, 2011

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE